IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KAMAL K. PATEL                                                                               PLAINTIFF
REG #56496-080

V.                                            2:06cv00217-WRW

E.J. PRINCE, et al                                                                          DEFENDANTS

## ORDER

On October 31, 2006, Plaintiff, a federal prisoner proceeding pro se and currently confined to the Federal Correctional Institution ("FCI") in Butner, North Carolina, filed this action pursuant to 28 U.S.C. § 1331.[1]  He has also claimed jurisdiction pursuant to the Federal Tort Claims Act ("FTCA").[2]  In addition, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1); however, because his case must be dismissed, in forma pauperis status will not be addressed.  Plaintiff has a complicated two-year history with the federal courts in the Eastern District of Arkansas.  The present case is no different.  By way of background, a history is set forth below.

### Case No. 2:06CV00074

A review of Plaintiff's complaint in Case No. 2:06CV00074 indicated that his case was at least partially connected to his currently pending case of Patel v. U.S.A., et al. (Case No. 4:04CV00771).  Specifically, the first two of the four claims alleged were identical to

---

[1] Because Plaintiff is a federal inmate alleging constitutional violations against federal defendants, his claims are brought pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

[2] The FTCA functions as a legal mechanism for compensating persons injured by negligent or wrongful acts of federal employees only committed within the scope of their employment.  See 28 U.S.C.A. §§ 1346(b), 2671-2680.

those currently pending in Case No. 4:04CV00771.  In Case No. 2:06CV00074 Plaintiff alleged claims for: (1) the denial of adequate medical care and transfer to an appropriate prison medical facility; (2) violation of the Privacy Act and his First Amendment rights in connection with the creation of a memo that described his communications with The Dallas Morning News; (3) denial of his pre-sentence investigation report in violation of the Administrative Procedures Act and his due process rights; and (4) the denial of due process in connection with placing inmates in the "hole."  By order entered March 29, 2006 (see Case No. 2:06CV00074 docket entry #3), Plaintiff's case was dismissed without prejudice to filing a motion for leave to amend in Case No. 4:04CV00771 (WRW/JTR) to incorporate the additional facts alleged.

### Case No. 4:06CV00510

By order entered May 2, 2006, Case No. 4:05CV083-A was transferred from the United States District Court for the Northern District of Texas, Fort Worth Division, to the Eastern District of Arkansas on the grounds that an action that was related factually to the Texas action was pending in the Little Rock Division and two actions were pending in the Helena Division that were related to the Texas action, each other, and to the action pending in the Little Rock Division (see docket entry #147, Case Nos. 4:05CV083-A & 4:06CV00510).

In the transferred case (filed in the Eastern District of Arkansas as Case No. 4:06CV00510), Plaintiff alleged that the United States Bureau of Prisons has failed to house him in a facility where he could receive needed physical therapy in the form of cervical traction related to his diagnosed condition of herniated disc in his neck, which is known as cervical radiculopathy.  In Case No. 2:05CV00191, currently pending in the

Eastern District of Arkansas, Plaintiff sought injunctive relief for treatment of his cervical radiculopathy that was diagnosed in the mid-1990s, a condition that consists of a herniation of a cervical disc encroaching on the spinal cord.  Plaintiff sought appropriate physical therapy or surgery, and a transfer to a medical facility.  Because consolidation of these two cases would result in the most economical use of the parties' and the Court's resources, Case No. 4:06CV00510 and Case No. 2:05CV00191 were consolidated to continue as one case under Case No. 2:05CV00191 (BD).[3]

## The Present Matter - Case No. 2:06CV00217

In his most recent filing, Plaintiff alleges the following seven claims[4]: (1) confiscation of his asthma inhaler; (2) assault and battery in connection with his November 30, 2004, appointment with a medical specialist in Memphis, Tennessee, regarding his herniated discs of the neck, stenosis in the spine, and degenerative spine disease[5]; (3) illegal confiscation of his notes taken in anticipation of future litigation and taken while being examined by Defendant Prince and assault; (4) denial of daily physical therapy for his spine in October 2004; (5) discrimination in disciplinary issues while housed at the FCI in Big Spring, Texas,[6] and punishment for exposing such conduct; (6) retaliation for exercising his constitutional rights in the form of confiscation of personal property at the FCI in Big Spring,

---

[3] By order entered May 15, 2006 (Case No. 4:06CV00510 docket entry #154).

[4] This Court makes no findings on whether some of these claims are time-barred or whether they have been improperly filed in Arkansas.

[5] Plaintiff alleges that he was tricked into submitting to the exam under false pretenses and deceit for use by the U.S. Attorney's Office in the Eastern District of Arkansas in litigation against him.

[6] Plaintiff alleges that inmates with a white supremacist viewpoint were given preferential treatment.

Texas[7]; and (7) general allegations of assault, false imprisonment, torture, threats, negligence, negligent supervision, emotional injury, and retaliation at the FCI in Big Spring, Texas.

First, Plaintiff is not even incarcerated in Arkansas. Second, at least three of his present claims involve incidents that occurred while he was incarcerated at the FCI in Big Spring, Texas. Third, he already has two pending cases proceeding simultaneously in this district that are related to at least some of his present claims— it is simply not appropriate to permit him to pursue yet another lawsuit especially in light of the present case's connection to both pending cases (see Case No. 4:04CV00771 and Case No. 2:05CV00191). For these reasons, **Plaintiff's case is DISMISSED WITHOUT PREJUDICE to filing a motion for leave to amend in either Case No. 4:04CV00771 or Case No. 2:05CV00191 to attempt to incorporate the additional facts alleged herein**. It is Plaintiff's choice which to pursue.

The Clerk of the Court is directed to provide Plaintiff with a copy of docket entry #2, including all attachments.

IT IS SO ORDERED this 17th day of January, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff alleges that officials confiscated $89.38 in postage stamps and a beard trimmer from him.